1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | Case No. 1:12-CV-01512-AWI-SMS |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT |
| v. | (Doc. 23) |
| JUAN M. RAMIREZ BERNAL, individually and dba LA FIESTA BAR aka LA FIESTA DANCE, | ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| Defendant. | (Doc. 11) |

        Joe Hand Promotions, Inc. ("Plaintiff") moves for entry of default judgment against Juan M. Ramirez Bernal, individually and doing business as La Fiesta Bar, aka La Fiesta Dance ("Defendant"). Doc. 11. Defendant opposes this motion (Doc. 14) and seeks to have his entry of default set aside. Doc. 23. The Court reviewed the motions and supporting documents and has determined that these matters are suitable for decision without oral argument pursuant to Local Rule 78-230(h).

        For the following reasons, Defendant's motion to set aside entry of default (Doc. 23) is **GRANTED**. As a result, Plaintiff's motion for entry of default judgment (Doc. 11) is **DENIED AS MOOT**. This order does not discuss Defendant's motion to dismiss the complaint (Doc. 18), which remains noticed for hearing on May 20, 2013 at 1:30pm before Judge Anthony W. Ishii.

///
///

1

**I.     Procedural History**

On September 13, 2012, Plaintiff filed its complaint against Defendant, alleging violations of 47 U.S.C. § 605, *et seq.*, and 47 U.S.C. § 553, *et seq.*, as well as claims under California state law. Plaintiff claims that it was the exclusive commercial distributor of the program "Star Power: Floyd Mayweather, Jr. v. Victor Ortiz Championship Fight Program" (the "program"). Plaintiff claims that Defendant unlawfully intercepted and broadcast the telecast of this program on September 17, 2011.

Defendant failed to respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure. Default was entered against Defendant on January 25, 2013. On January 30, 2013, Plaintiff moved for default judgment. Defendant made an appearance on March 19, 2013. He opposed the motion for default judgment, moved to dismiss the complaint, and moved to set aside his default. Plaintiff replied on March 27, 2013. Defended filed an opposition to Plaintiff's reply on April 1, 2013.

**II.    Motion to Set Aside Default**

The Federal Rules of Civil Procedure govern the entry of default. Once default has been entered by the clerk, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In evaluating whether good cause exists, the court may consider "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Mesle*, 614 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)); *see also TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). A district court may refuse to set aside the default if any one of these factors is true. *Id.* However, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). When a party seeking timely relief from default has a meritorious defense, "doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986), quoting *Schwab v. Bullocks Inc.*, 509 F.2d 353, 355 (9th Cir. 1974).

2

### A.    Culpable Conduct

In the Ninth Circuit, "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group*, 244 F.3d at 697, quoting *Alan Newman Prods. v. Albright*, 862 F.3d 1388, 1392 (9th Cir. 1988). Further, actions may be found culpable when "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698.

### 1.    Service Was Valid

Defendant argues that the summons was invalidly served under California law, which applies here. *See* Fed. R. Civ. P. 4(e). First, Defendant contends that he must be served as both an individual and as an entity. This is not correct. Service on Defendant Bernal was properly effected via service upon his business, since the business was his dba and not a distinct entity. *See Pinkerton's, Inc. v. Superior Court*, 49 Cal. App. 4th 1342, 1349 (1996) (where a person or business deals under a fictitious name, "it has held itself out to those with whom it does business as having adopted that name for all business purposes. Notice to it under that name is all that the law requires.")

Defendant also asserts that service was made on an improper person. In California, service on a business of form unknown, like substitute service on a person at his business, may be made upon "a person apparently in charge" of that business. C.C.P. §§ 415.20(b), 415.95(a). Here, the proof of service indicates that after many unsuccessful attempts to effect service at Defendant's business address, the process server encountered a "Rene 'Doe' (Refused Last Name), Person in Charge." This person told the server that Defendant was not in. The server made substituted service on this person, giving instructions to deliver the documents to Defendant. He then mailed the documents to Defendant. Defendant argues that based on this information, "it is not possible to determine whether Rene was 'apparently in charge'." Defendant explains, "[H]is capacity at the established [sic] is not stated. He could be an employee, he could be the manager—he could simply be a customer at the bar. … We know literally nothing about Rene."

The facts show otherwise. Here, the process server identified Rene as the "person in charge." Rene also acted in charge by stating that Defendant was not present. This response would be atypical of "a customer at the bar." That was all that was needed. The statute does not require a recitation of

3

the person's "capacity at the establishment," and California courts do not require the recitation of the full name in circumstances such as these. *See Trackman v. Kenney*, 187 Cal. App. 4th 175, 183 (2010) ("Persons in apparent charge of businesses and residences often refuse to give their true legal names. For this reason, it is an accepted practice to name such a person as "John Doe" or similar fictitious name, or by description.") On these facts, Plaintiff has properly shown that service was made to a person apparently in charge.

## 2.   Assuming That Service Was Improper, Defendant Could Not Receive Notice of the Lawsuit Through Other Means

Defendant states that "he first received notice of the pendency of this action [when] he received papers mailed to him from the court informing him of a court date of December 11, 2012." While Defendant does not say when these papers were received, presumably they were received sometime between September 13, 2012—the date the conference was set—and approximately November 29, 2012—the date it was continued. Even assuming the November date, this represents some eight weeks prior to the entry of default on January 25, 2013.

Plaintiff argues that, even if service had not been done correctly, Defendant thus had actual notice of the lawsuit. Plaintiff offers the following out-of-context excerpt to support his argument: "The California Supreme Court liberally construes the state's service of process statutes, especially under circumstances where service was defective but the defendant received actual notice of the action." *Cardroom Intern. LLC v. Scheinberg,* 2012 WL 2263330, *2 (C.D.Cal. June 18, 2012) However, the very next sentence in the case adds some important context: "Nonetheless, actual notice is not a substitute for service of process. … The requirement of notice [e.g. service of process] is not satisfied by actual knowledge without notification conforming to the statutory requirements." *Id*. (citations, quotations, and punctuation omitted). Thus, actual notice cannot be a substitute for proper service.

## 3.   Nevertheless, Failure to Answer Has Not Been Shown to Be Culpable

Although Defendant has not offered a sufficient explanation as to why he failed to timely answer the complaint, the only evidence that Defendant *intentionally* failed to answer is an inference based on this failure to answer. The Court will not make that inference, for two reasons. First, a

4

declaration from Defendant's wife indicates that "he has limited English speaking or writing skill." Second, the circumstances suggest that Defendant may have little familiarity with the legal system. Due to these factors, he may have received the summons (which is written in English) and but not known what it meant. Although he does not state that this was the case, an inference of "devious, deliberate, willful, or bad faith failure to respond" nevertheless goes too far, given these facts and the preference for adjudicating cases on their merits. Accordingly, the "culpability" factor does not strongly weigh in favor of either party.

### B.    Meritorious Defense

In seeking to vacate a default judgment, a defendant "must present specific facts that would constitute a defense." *TCI Group*, 244 F.3d at 700. However, the burden "is not extraordinarily heavy." *Id.* "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle*, 5106 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700). Thus, a defense does not have to be proven by a preponderance of the evidence, but the moving party must establish "a factual or legal basis for the tendered defense." *Tri-Con't Leasing Corp., Inc. v. Zimmerman*, 485 F.Supp. 496, 497 (N.D. Cal. 1980).

Defendant's wife provided a declaration. She states that she participates in the operation of the bar. She states that the business did not then have, and does not now have, "cable television capability;" any "means to intercept the television signal the plaintiff alleges was pirated;" "internet service for patrons;" or "television screens by which telecasts may be viewed" by patrons. If true, these facts would constitute a defense against the allegations made by Plaintiff's investigator, who stated that on September 17, 2011, he entered La Fiesta Bar and saw Plaintiff's program playing on a TV. This factor weighs in favor of vacating the default.

### C.    Prejudice to Plaintiff

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701. The relevant inquiry is "whether [the plaintiff's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463. A delay "must result in tangible harm such as a loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion" for the setting aside of default to be prejudicial to the plaintiff. *TCI Group*,

244 F.3d at 701 (citing *Thompson v. American Home Assur.*, 95 F.3d 429, 433-34 (6th Cir. 1996)). Plaintiff has suffered no credible harm due to the delay caused by Defendant's failure to timely respond. However, whether Defendant broadcast the program is an issue that goes to the merits of the case, and litigation of the merits cannot be considered prejudicial. *TCI Group*, 244 F.3d at 701. Therefore, Plaintiff has not established prejudice if the default is set aside.

### D.   **Conclusion**

Defendant has shown good cause to set aside the entry of default. Defendant did not act culpably when he failed to answer the complaint, he has meritorious defenses, and Plaintiff will not be prejudiced if the default is set aside. Therefore, the Court is acting within its discretion to set aside the entry of default and deny the entry of default judgment. *See Mendoza,* 783 F.2d at 945-46 (9th Cir. 1986).

## III.   **Motion for Default Judgment**

In light of the Court's order setting aside the default entered against Defendant, Plaintiff's motion for default judgment is denied as moot.


## ORDER

Based upon the foregoing, the Court hereby **ORDERS:**

1. Defendant's motion to set aside the default is **GRANTED**;

2. Plaintiff's motion for default judgment is **DENIED** as **MOOT**.


DATED:  4/5/2013                                     /s/ SANDRA M. SNYDER

UNITED STATES MAGISTRATE JUDGE