1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC.,** | **1:12-cv-1512  AWI SMS** |
| **Plaintiff,** | |
| **vs.** | **MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS** |
| **JUAN M. RAMIREZ BERNAL, and d.b.a. LA FIESTA BAR a.k.a. FIESTA DANCE,** | **Doc. # 21** |
| **Defendant.** | |

This is an action for damages by plaintiff J&J Sports Productions, Inc. ("Plaintiff") against defendant Juan M. Ramirez Bernal, individually and d.b.a. La Fiesta Bar, a.k.a. La Fiesta Dance ("Defendant").  The suit arises out of Defendant's alleged unauthorized broadcast of licensed sports programming belonging to Plaintiff.  Now before the court is Defendant's motion to dismiss Plaintiff's complaint.  Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 based on Plaintiff's claims under the federal Communications Act of 1934, 47 U.S.C. § 605 *et seq*, and the federal Cable & Television Consumer Protection and Competition Act, 47 U.S.C. § 533 Et Seq.  Venue is proper in this court.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was granted "exclusive nationwide commercial distribution (closed circuit) rights to *'Star Power': Floyd Mayweather, Jr.  v. Victor Ortiz Championship Fight Program*,

telecast nationwide on Saturday, September 17, 2011 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the 'Program')."  Doc. # 1 at 4:6-9.  The complaint alleges that Defendant was not granted sublicensing rights to exhibit the Program, but did so at the time of its transmission in violation of the above-listed federal statutes and in violation of California Business and Professions Code § 17200.  The complaint also alleges one claim for conversion under California common law.

Defendant seeks dismissal of Plaintiff's complaint under Rule 12 (b)(2) of the Federal Rules of Civil Procedure, contending that personal jurisdiction is lacking; under Rule 12(b)(4), contending service of process was defective; and under Rule 12(b)(6) contending that Plaintiff's complaint fails to state any claim upon which relief can be granted.  Plaintiff's opposition to Defendant's motion to dismiss points out that the issue of adequacy of service was previously determined proper by the Magistrate Judge in her Order Granting Defendant's Motion to Set Aside Default.  See Doc. # 3:8-4:6 (holding substitute service was properly made on the "person apparently in charge" of the operation of the establishment in conformity with Cal. Code Civ. Proc. §§ 415.20(b), 415.95(a)).  Defendant's reply memorandum does not address Plaintiff's contentions with regard to service of process.  The court has examined the Magistrate Judge's determination with regard to adequacy of service and, in light of Defendant's lack of rebuttal, finds that Defendant has abandoned any contention that there is any defect with service of process or any lack of personal jurisdiction.

The complaint was filed on September 13, 2012.  The instant motion to dismiss was filed on March 21, 2013.  Plaintiff's opposition was filed on May 6, 2013, and Defendant's reply was filed on May 14, 2013.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint

must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly").  While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature.  See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

## DISCUSSION

Defendant bases its motion to dismiss on the relative merits of Plaintiff's attachment of an affidavit[1] by Plaintiff's investigator, who attests to his observation that the Program was presented at Defendant's establishment versus a declaration submitted by Defendant's wife

---

[1]   Defendant's Motion to dismiss does not identify the pleading to which the investigator's affidavit is attached and appears at first glance to suggest the affidavit was attached to the complaint.  The affidavit is to be found at Document Number 11-3, which is the third attachment to Plaintiff's motion for default judgment.

stating that Defendant's establishment did not possess a television or cable reception capability at the time the Program was telecast.  Defendant's motion presents the novel and completely misplaced argument that, because the declaration submitted by Defendant's wife is sworn and stated on personal knowledge and the attached affidavit is not, there can be no basis for recovery by Plaintiff.  Following the filing of Plaintiff's opposition in which it is pointed out that a motion to dismiss tests the *legal sufficiency* of a complaint based on the *assumption* that all facts alleged therein *are true*, Defendant seeks to cure the flaw in his approach by requesting that the court convert the motion to dismiss to a motion for summary judgment.

Defendant's motion to dismiss borders on frivolous.  The court might expect a *pro se* litigant to be uninformed as to the purpose of a motion to dismiss and to make the mistake of attacking the quality of evidence submitted for some unrelated purpose, but such a misdirection of argument by a licensed attorney is hard to overlook without comment.  Defendant's attorney is encouraged to review the court's and/or Plaintiff's statement of the legal standard for a motion to dismiss and endeavor to make his arguments according to the proper legal context.  What is equally hard to overlook is Defendant's mischaracterization of Plaintiff's affidavit.  Defendant characterizes the affidavit by Plaintiff's investigator as "unverified, not signed under penalty of perjury, and not declared according to the investigator's personal knowledge. "  Doc. # 21 at 9:8-9.  The fact is that the affiant was "duly sworn according to law," signed the affidavit in the presence of a notary, and related facts based solely on his personal observations.  See Doc. # 11-3.  Although the affidavit and its contents are completely irrelevant to the nature of the court's inquiry in this motion to dismiss, it is nonetheless incumbent upon counsel to avoid factual misrepresentations.

Plaintiff's request that the court convert Defendant's motion to dismiss to a motion for summary judgment is both an admission of Defendant's failure to make a cognizable argument for dismissal and procedurally inappropriate, if not absurd.  [**Let me know if you think we should do an OSC for sanctions to cover Plaintiff's costs in opposing Defendant's motion**].  Defendant's motion for dismissal of Plaintiff's complaint will be denied.

1

2          THEREFORE, for the reasons set forth above, Defendant's motion to dismiss Plaintiff's

3   complaint is hereby DENIED.

4   IT IS SO ORDERED.

5
    Dated:   March 19, 2014                    _____
6                                              SENIOR  DISTRICT  JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28