# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | **Case No. 1:12-cv-01512-AWI-SMS** |
| Plaintiff, | **ORDER GRANTING, IN PART, PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND GRANTING DEFENDANT LEAVE TO AMEND** |
| v. | |
| JUAN M. RAMIREZ BERNAL, d.b.a. LA FIESTA BAR, a.k.a. LA FIESTA DANCE, | |
| Defendant. | (Doc. 37) |

Plaintiff J & J Sports Productions, Inc., moves to strike the affirmative defenses set forth in the answer of Defendant Juan M. Ramirez Bernal. Plaintiff contends that the affirmative defenses fail to satisfy the heightened pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), but adds that if the *Twombly* standard does not apply to affirmative defenses, Defendant's affirmative defenses should nonetheless be stricken for failure to provide Plaintiff with "fair notice," as required by *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). After reviewing the record and applicable law, the Court grants, in part, Plaintiff's motion to strike, granting Defendant leave to amend his affirmative defenses as detailed in this order.

# I. Procedural and Factual Background

Plaintiff owned the exclusive nationwide commercial distribution rights to "*Star Power: Floyd Mayweather, Jr. v, Victor Ortiz, Championship Fight Program,*" (the "program") broadcast on September 17, 2011.  In turn, Plaintiff entered into sub-licensing agreements with commercial establishments to publically exhibit the program.  Plaintiff alleges that Defendant exhibited the program at his Fresno bar without having sub-licensed it.

Plaintiff filed the complaint in this Court on September 13, 2012.  Defendant answered on April 15, 2013, alleging thirty-one affirmative defenses.  Plaintiff moved to strike the affirmative defenses on May 7, 2013.

# II. Standards for Motions to Strike Affirmative Defenses

Pursuant to F.R.Civ.P. 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike are generally disfavored.  *Ali v. New York City Transit Auth.*, 176 F.R.D. 68, 70 (E.D.N.Y. 1997).  A motion to strike an insufficient affirmative defense will be granted only if the insufficiency is "clearly apparent."  *Id.*  When deciding whether to grant a motion to strike an affirmative defense, a court must view the challenged pleading in the light most favorable to the nonmoving party.  *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F.Supp.2d 556, 561 (C.D.Cal. 2005).   If a court strikes an affirmative defense, it should freely grant leave to amend when doing so would not cause prejudice to the opposing party.  *Wyshak*, 607 F.2d at 826; *Barnes v. AT & T Pension Benefit Plan—Nonbargained Program*, 718 F.Supp.2d 1167, 1170 (N.D. Cal. 2010).

"Immaterial" pleadings "ha[ve] no essential or important relationship to the claim for relief." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).  A court may strike a pleading as "impertinent" if it does "not pertain . . . to the issues in question."  *Id.*  Striking such flawed affirmative defenses is intended "to avoid the

expenditure of time and money that must arise by litigating spurious issues by dispensing with those issues prior to trial." *Id.*

An affirmative defense is insufficient if it fails to provide the plaintiff with "fair notice" of the defense. *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010). Affirmative defenses are subject to the pleading standards of F.R.Civ.P. 8, which requires a party to "state in short and plain terms its defense to each claim asserted against it." *See* F.R.Civ.P. 8(b)(1) and(c)(1). The requirement is intended to give the opposing party fair notice of the defense. *Wyshak*, 607 F.2d at 827.

Plaintiff first contends that the plausibility standard of pleading set forth in *Twombly*, 550 U.S. 544, and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to affirmative defenses, requiring dismissal of Defendant's affirmative defenses. Defendant responds that he need not comply with the plausibility standard since his defenses depend on information to be secured in the course of discovery and adds that, pursuant to *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560 (S.D.Cal. 2012), the plausibility standard does not apply to affirmative defenses.

Neither the Ninth Circuit nor the U.S. Supreme Court has explicitly addressed whether *Twombly* and *Iqbal* apply to affirmative defenses. *Barnes & Noble, Inc. v. LSI Corp.*, 849 F.Supp.2d 925, 928 (N.D.Cal. 2012). Nonetheless, most courts have applied the heightened pleading standard of *Iqbal* and *Twombly* to affirmative defenses. *Id.* Applying the heightened standard complements the objective of providing fair notice of the defense to the opposing party and tends to reduce the common practice of appending a boilerplate listing of affirmative defenses without regard to the substance of the matter at hand. *Id.* at 929.

Rule 8 requires a party to make a "showing," rather than a blanket assertion, of entitlement to relief. *Twombly*, 550 U.S. at 556 n. 3. To state an affirmative defense sufficiently to make a showing, a defendant must plead "enough facts to state a claim of relief that is plausible on its

3

face." *Id*. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [party] has acted unlawfully."  *Iqbal*, 556 U.S. at 678.  When an affirmative defense is "'merely consistent with a [party's] liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id., quoting Twombly*, 550 U.S. at 557.  "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), *cert. denied*, 544 U.S. 974 (2005).  "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Id.*

The *Kohler* court refused to extend the *Iqbal* and *Twombly* pleading standards to affirmative defenses.  *Kohler*, 280 F.R.D. at 566.  To reach its conclusion, the court relied on the fair notice pleading standard set forth in *Conley v. Gibson*, 355 U.S. 41 (1957),  which required the pleading of an affirmative defense to set forth the nature and grounds for the affirmative defense, but did not require a detailed statement of facts.  *Kohler*, 280 F.R.D. at 564.  Under that formulation, "an affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'"  *Id.*, *quoting McArdle v. AT&T Mobility, LLC*, 657 F.Supp.2d 1140, 1149-50 (N.D.Cal. 2009), *reversed on other grounds*, 474 Fed.Appx. 515 (9th Cir. 2012). The *McArdle* court's misreading of *Conley*, relied on in turn by the *Kohler* court, is precisely the literal misreading of *Conley* that the Supreme Court condemned in *Twombly* (550 U.S. at 561):

> Justice Black's opinion for the Court in *Conley v. Gibson* spoke not only of the need for fair notice of the grounds for entitlement to relief but of "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  355 U.S. at 45-46, 78 S.Ct. 99.  This "no set of facts" language can be read in isolation as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings . . . On such a focused and literal reading of

4

> *Conley's* "no set of facts," a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some "set of [undisclosed] facts" to support recovery. . . It seems fair to say that this approach to pleading would dispense with any showing of a "'reasonably founded hope'" that a plaintiff would be able to make a case, see *Dura*, 544 U.S., at 347, 95 S.Ct. 1917).

After summarizing some of the numerous decisions declining to literally interpret the "under any set of facts" language, Justice Souter added:

> [T]here is no need to pile up further citations to show that *Conley's* "no set of facts" language has been questioned, criticized, and explained away long enough. To be fair to the *Conley* Court, the passage should be understood in light of the opinion's preceding summary of the complaint's concrete allegations, which the Court quite reasonably understood as amply stating a claim for relief. But this passage so often quoted fails to mention this understanding on the part of the Court, and after puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard; once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.

*Twombly*, 550 U.S. at 562-63.

In the end, *Twombly* does not require "heightened fact pleading of specifics," but requires "only enough facts to state a claim for relief that is plausible on its face." 550 U.S. at 570. A pleading is not sufficient if it offers no more than "labels or conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555, 557.

"Under *Twombly's* construction of Rule 8," a complaining party must nudge his or her claims "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680, *quoting Twombly*, 550 U.S. at 570. Alleging plausible facts is a necessary prerequisite to the Court's applying a presumption of truth in evaluating a motion to dismiss: "[W]here the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—"that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679, *quoting* F.R.Civ.P. 8(a)(2).

Did the Supreme Court explicitly overrule the "literally misread" *Conley* pleading standard for complaints, but intend that the *Conley* would survive with regard to affirmative defenses?  The *Kohler* court concluded that it did, relying on the difference of language between Rule 8(a)(2), which "requires that the party stating a *claim* for relief provide 'a short and plain statement of the claim *showing* that the pleader is entitled to relief," and Rule 8(c), which "only requires a responding party to '*affirmatively state'* its affirmative defenses.  280 F.R.D. at 566. This distinction is a thin reed on which to hang the determination of whether the *Iqbal/Twombly* standard is limited only to claims, particularly since (1) the Supreme Court has never hinted at such a distinction; (2) under *Conley*, the same pleading standard applied to both claims and affirmative defenses; (3) the *Twombly* rationale for rejecting the "no set of facts" language applies equally to claims and affirmative defenses, and (4) the policy of encouraging judicial economy that suffuses *Iqbal* and *Twombly* applies equally to claims and affirmative defenses. This Court concludes that the Supreme Court intended the plausibility standard to apply to both claims and affirmative defenses.

### III. Defendant's Affirmative Defenses

Having cast its lot with the majority of district courts that have concluded that the pleading standard of *Iqbal* and *Twombly* applies to affirmative defenses, the Court must now acknowledge that, with a few exceptions, Defendant's perfunctory pleading of affirmative defenses is insufficient to satisfy either the plausibility standard of *Twombly* and *Iqbal*, or the "no set of facts" standard of *Conley*.

In addition, certain of the affirmative defenses are improperly pleaded as such. "Affirmative defenses plead matters extraneous to plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F.Supp. 259, 262 (E.D.Cal. 1987).  "[D]enials of allegations in the

complaint or allegations that the Plaintiff cannot prove the elements of his claim are not affirmative defenses." *J & J Sports Productions, Inc. v. Montanez*, 2010 WL 5279907 at *2 (E.D.Cal. Dec. 13, 2010) (No. 1:10-cv-01693-AWI-SKO).  Those matters are properly asserted at a relevant point in the defendant's answer to the complaint.  When Defendant has cast such a denial as an affirmative defense, the Court will strike the affirmative defense and grant Defendant leave to amend the answer by making the allegation at an appropriate point in the body of the answer.

### 1. **No Device to Receive Program**

In his first affirmative defense, Defendant alleges that the complaint fails to state a claim since Defendant's bar has no television system or other electronic device capable of receiving transmission of the program.  As discussed above, this allegation is appropriately placed at the relevant section of the answer since it is not an affirmative defense.  The Court strikes Defendant's first affirmative defense with leave to amend.

### 2. **Denial that Defendant Was Actor**

In his second affirmative defense, Defendant denies that he broadcast the program or caused anyone else to broadcast the program in Defendant's bar.  As discussed above, this allegation is appropriately placed at the relevant section of the answer since it is not an affirmative defense.  The Court strikes Defendant's second affirmative defense with leave to amend.

### 3. **Lack of Knowledge**

In his third affirmative defense, Defendant contends that any violation of Plaintiff's licensing rights occurred without Defendant's knowledge or consent.  As discussed above, this allegation is appropriately placed at the relevant section of the answer since it is not an affirmative defense.  The Court strikes Defendant's third affirmative defense with leave to amend.

### 4. **Comparative Fault**

In his fourth affirmative defense, Defendant alleges the doctrine of comparative fault. Since the complaint includes no negligence claims, this affirmative defense is impertinent. *See Fantasy*, 984 F.2d at 1527. The Court strikes the fourth affirmative defense without leave to amend.

### 5. **Proximate Cause of Others**

In his fifth affirmative defense, Defendant alleges that Plaintiff's damages are the proximate result of others' acts. Since the complaint includes no negligence claims, an affirmative defense alleging proximate cause is impertinent. *See Fantasy*, 984 F.2d at 1527. The Court strikes the fifth affirmative defense without leave to amend.

### 6. **Offset**

Defendant alleges offset in his sixth and thirteenth affirmative defenses but fails to allege any factual basis justifying offset. Unless Defendant made an earlier payment to Plaintiff, no basis for offset exists. Since the alleged facts are insufficient to give fair notice of the nature of the affirmative defense, the affirmative defense is insufficient. *See Simmons*, 609 F.3d at 1023. The Court strikes the sixth and thirteenth affirmative defenses with leave to amend.

### 7. **Necessary and Indispensable Party**

In the absence of any factual basis, Defendant's seventh affirmative defense, claiming that Plaintiff failed to join a necessary and indispensable party, is insufficient. *See Simmons*, 609 F.3d at 1023. The Court strikes the seventh affirmative defense with leave to amend.

### 8. **Statute of Limitations**

Defendant's eighth affirmative defense, alleging that Plaintiff's claims are barred by a statute of limitations, fails to identify the applicable statute of limitations and to articulate plausible facts that one or more of the claims are untimely. The Court strikes the eighth

affirmative defense as insufficient, but grants Defendant leave to amend.  *See Simmons*, 609 F.3d at 1023.

### 9. License and Payment

In the ninth and tenth affirmative defenses, Defendant alleges that he obtained a license to display the program and that he paid the fee to display the program. Since these allegations counter the allegations of the complaint, they are not affirmative defenses and must be alleged at the relevant section of the answer.  The Court strikes Defendant's ninth and tenth affirmative defenses with leave to amend.

### 10. Unclean Hands

In the eleventh affirmative defense, Defendant alleges that Plaintiff is barred from equitable relief by its own unclean hands.  Merely reciting a legal doctrine, without alleging facts supporting the doctrine's application in the case, fails to provide fair notice of the affirmative defense.  *See Qarbon.com, Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D.Cal. 2004).  The Court strikes Defendant's eleventh affirmative defense as insufficient, but grants leave to amend.  *See Simmons*, 609 F.3d at 1023.

### 11. Proximate Cause

Defendant's twelfth affirmative defense alleges that Defendant's conduct is not the actual or proximate cause of Plaintiff's damages.  Since the complaint includes no negligence claims, an affirmative defense denying proximate cause is impertinent.  *See Fantasy*, 984 F.2d at 1527.  The Court strikes the twelfth affirmative defense without leave to amend.

### 12. Not Liable as a Matter of Law

In his fifteenth affirmative defense,[1] Defendant contends that he cannot, as a matter of law, be held liable for violation of 47 U.S.C. § 553, but alleges no facts explaining why this is so.

---

[1] The answer does not include a fourteenth affirmative defense.

This affirmative defense cites *J & J Sports Productions, Inc. v. Prado*, 2008 WL 822159 (E.D. Cal. Mar. 27, 2008) (No. 2:07-cv-021040-GEB-DAD), in which the defendants contended that they had legitimately purchased a program to which Plaintiff owned exclusive commercial licensing rights from their cable television provider.

Although Defendant may have intended to allege that he had purchased the program from his cable or satellite television provider, the fifteenth affirmative defense does not say so. And in any event, since a purchase would counter the complaint's allegations, alleging a purchase would not be an affirmative defense and would need to be alleged at the relevant section of the answer.

Uncertain regarding what the fifteenth affirmative defense was intended to allege or whether it was an affirmative defense at all, the Court strikes Defendant's fifteenth affirmative defenses with leave to amend.

### 13. **Excessive Damages**

The sixteenth affirmative defense alleges that since Plaintiff seeks excessive damages, the Court should limit damages, as by imposing a per-person cap of $50.00. Since these allegations counter the allegations of the complaint regarding damages, they are not affirmative defenses and must be alleged at the relevant section of the answer. The Court strikes Defendant's sixteenth affirmative defense with leave to amend.

### 14. **In Pari Delicto**

The seventeenth affirmative defense alleges that Plaintiff engaged in unspecified acts and courses of conduct that rendered it *in pari delicto*. Merely reciting a legal doctrine, without alleging facts supporting the doctrine's application in the case, fails to provide fair notice of the affirmative defense. *See Qarbon.com*, 315 F.Supp.2d at 1049. The Court strikes Defendant's seventeenth affirmative defense as insufficient, but grants leave to amend. *See Simmons*, 609 F.3d at 1023.

### 15. **Failure to Mitigate**

In the eighteenth affirmative defense, Defendant alleges that Plaintiff failed to mitigate damages. Merely reciting a legal doctrine, without alleging facts supporting the doctrine's application in the case, fails to provide fair notice of the affirmative defense. *See Qarbon.com*, 315 F.Supp.2d at 1049. In addition, mitigation is impertinent since it is inapplicable to the claims set forth in the complaint. *See Fantasy*, 984 F.2d at 1527. The Court strikes Defendant's eighteenth affirmative defense without leave to amend.

### 16. **Lack of Knowledge**

The nineteenth and twenty-seventh affirmative defenses allege that Defendant proceeded in good faith and without knowledge of the applicable statutory prohibitions. Even when a defendant acted in good faith, ignorance of the law is not a defense to liability. *Barlow v. United States*, 32 U.S. 404, 433 (1833). In addition, since 47 U.S.C §§ 553 and 5605 are strict liability offenses and conversion is a strict liability tort, lack of knowledge of proceeding in good faith are not defenses to Plaintiff's claims. Since good faith is relevant to determination of damages, however, such allegations could properly be included within the answer itself in response to Plaintiff's damages claims. *See* 47 U.S.C. §§ 553(c)(3)(B) and 605(e)(3)(C)(ii). The Court strikes the nineteenth and twenty-seventh affirmative defenses with leave to amend.

### 17. **Statute of Frauds**

The twentieth affirmative defense alleges that Plaintiff's claims are barred by the statute of frauds. Since the complaint includes no contract claims, the twentieth affirmative defense is impertinent. *See Fantasy*, 984 F.2d at 1527. The Court strikes the twentieth affirmative defense without leave to amend.

///

///

**18.   Waiver**

The twenty-first affirmative defense contends that "Plaintiff engaged in conduct which constituted a waiver of rights." Merely reciting a legal doctrine, without alleging facts supporting the doctrine's application in the case, fails to provide fair notice of the affirmative defense. *See Qarbon.com*, 315 F.Supp.2d at 1049. The Court strikes Defendant's twenty-first affirmative defense as insufficient, but grants leave to amend. *See Simmons*, 609 F.3d at 1023.

**19.   No Commercial Gain**

The twenty-second affirmative defense contends that Defendant did not act wilfully or for purposes of commercial advantage or financial gain. Since 47 U.S.C. §§ 553 and 605 are strict liability offenses, lack of intent or of purposes of commercial advantage or financial gain are not defenses to Plaintiff's claims. Since these factors are relevant to determination of damages, however, such allegations could properly be included within the answer itself in response to Plaintiff's damages claims. *See* 47 U.S.C. §§ 553(c)(3)(B) and 605(e)(3)(C)(ii). The Court strikes the twenty-second affirmative defense with leave to amend.

**20.   Sham Complaint**

The twenty-third affirmative defense alleges that the complaint is a sham. Since alleging that the complaint is a sham challenges the case's basis, this is not an affirmative defense. *See Federal Deposit Ins. Corp.*, 655 F.Supp. at 262; *Montanez*, 2010 WL 5279907 at *2. Sham allegations are properly set forth at relevant points in the answer to the complaint itself. The Court strikes the twenty-third affirmative defense with leave to amend.

**21.   Indemnification**

The twenty-fourth, twenty-fifth, and twenty-sixth affirmative defenses address indemnification and reimbursement by cross-complainants. The absence of any cross-complainants in this action alone renders these affirmative defenses impertinent. *See Fantasy*,

984 F.2d at 1527. The Court strikes the twenty-fourth, twenty-fifth, and twenty-sixth affirmative defenses without leave to amend.

### 22. Job Relatedness

The twenty-eighth affirmative defense alleges that Defendant took the actions alleged in the complaint based on job relatedness. Under California law, "job-relatedness" was formerly an affirmative defense in employment discrimination cases. Cal. Code Regs., tit. 2.§ 7286.7 (repealed 2013). Since this affirmative defense is impertinent in a case with no employment discrimination claims, the Court strikes the twenty-eighth affirmative defense without leave to amend. *See Fantasy*, 984 F.2d at 1527.

### 23. Ratification

The twenty-ninth affirmative defense is ratification. The doctrine of ratification is a principle of contract law providing that a contract voidable for lack of due consent may be ratified by subsequent consent. Cal. Civil Code § 1588. In this case, an affirmative defense of ratification is impertinent. *See Fantasy*, 984 F.2d at 1527. The Court strikes the twenty-ninth affirmative defense without leave to appeal.

### 24. Thirtieth-Third [*sic*] Affirmative Defense

The "thirtieth-third" affirmative defense[2] states, "The answering defendant alleges that plaintiff's complaint, and every claim for relief alleged therein, is legally barred required action on defendant's part." Doc. 34 at 8. The Court will not speculate on the meaning of this affirmative defense, which obviously reflects a typing or proofreading error. Instead, the Court strikes the "thirtieth-third" affirmative defense with leave to amend.

///

///

---

[2] The answer includes no thirtieth affirmative defense.

### 25. After-Acquired Evidence

The first thirty-first affirmative defense[3] alleges that Plaintiff's claims are barred by the doctrine of after-acquired evidence. In employment discrimination cases, the after-acquired-evidence doctrine shields an employer from liability or limits the employee's recovery when the employer learned after terminating the employee about wrongdoing that would have led to termination in any event. *Camp v. Jeffer, Mangels, Butler & Marmaro*, 35 Cal.App.4th 620, 632 (1995). Since this affirmative defense is impertinent in a case with no employment discrimination claims, the Court strikes the first thirty-first affirmative defense without leave to amend. *See Fantasy*, 984 F.2d at 1527.

### 26. Intangible Property

In the thirty-first (and final) affirmative defense, Defendant alleges that Plaintiff's conversion claim is barred since California law does not recognize a cause of action for conversion of intangible property, such as a license to distribute a television broadcast. Plaintiff responds with a detailed legal evaluation of Defendant's contention. The Court declines to resolve the legal dispute at this stage of the proceedings and declines to strike the second thirty-first affirmative defense.

### IV. Conclusion and Order

The Court hereby ORDERS:

1. The following affirmative defenses are stricken without leave to amend: 4, 5, 12, 18, 20, 24, 25, 26, 28, 29, and first 31.

2. The following affirmative defenses are stricken with leave to amend: 6, 7, 8, 11, 13, 17, and 21.

///

---

[3] The answer includes two affirmative defenses designated as the thirty-first affirmative defense.

3. The following affirmative defenses are deemed not to be affirmative defenses and are stricken with leave to amend through inclusion in appropriate locations within the body of the answer: 1, 2, 3, 9, 10, 16, 19, 22, 23, and 27.

4. The fifteenth and "thirtieth-third" affirmative defenses are stricken with leave to amend. Because the Defendant's substantive intent in these affirmative defenses is not clear, the Court offers no opinion as to whether Defendant may ultimately retain either of these affirmative defenses or whether either is a valid affirmative defense or is properly included within the body of the answer.

5. The second thirty-first affirmative defense shall not be stricken. The Court declines to resolve at this stage of the litigation the legal dispute regarding the applicability of a conversion claim to intangible property.

6. If Defendant elects to amend his answer, as permitted by this order, he shall file the amended answer on or before June 2, 2014.

IT IS SO ORDERED.

Dated: __May 16, 2014__          _____/s/ Sandra M. Snyder_____
                                 UNITED STATES MAGISTRATE JUDGE